**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 25-4055**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES MELVIN DUDLEY,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Elizabeth W. Hanes, District Judge.  (4:24-cr-00023-EWH-DEM-1)

―――――――――

Submitted:  August 15, 2025                     Decided:  October 28, 2025

―――――――――

Before HARRIS, QUATTLEBAUM, and RUSHING, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Virginia M. Bare, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, James Reed Sawyers, Julie D. Podlesni, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Melvin Dudley appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1); 924(a)(8). His primary challenge on appeal concerns the district court's denial of his motion to suppress evidence obtained following a *Terry*[1] stop.[2]  Finding no error, we affirm.

"When the district court denies a motion to suppress, we review its legal conclusions de novo and factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Henderson*, 136 F.4th 527, 531 (4th Cir. 2025) (internal quotation marks omitted).  In assessing the constitutionality of a brief investigatory stop—commonly known as a *Terry* stop—"we ask whether, at the time of the seizure, the police officer had a 'reasonable suspicion' that the person seized was 'involved in criminal activity.'"  *United States v. Kehoe*, 893 F.3d 232, 237 (4th Cir. 2018). "Reasonable suspicion requires more than an inchoate and unparticularized suspicion or hunch; rather, the government agent must articulate a particularized, objective basis for his

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

[2] Dudley also moved, unsuccessfully, to dismiss the indictment, raising both facial and as-applied Second Amendment challenges based on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (holding that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation").  Though Dudley renews his *Bruen* claims on appeal, he correctly concedes that these claims are foreclosed by *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) (holding that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances" (cleaned up)), and *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (reaffirming this court's pre-*Bruen* "precedent foreclosing as-applied challenges to Section 922(g)(1)"), *cert. denied*, No. 24-6818, 2025 WL 1549804 (U.S. June 2, 2025).

or her actions." *Id.* (internal quotation marks omitted). "To determine whether an officer had such a basis for suspecting legal wrongdoing, reviewing courts must look at the totality of the circumstances of each case." *Id.* (cleaned up).

Here, law enforcement officers spotted Dudley, whom they recognized as a convicted felon, with an L-shaped bulge in his pants pocket. When one of the officers asked Dudley what was in his pocket, Dudley quickly ran away, only to be tackled by the officers seconds later. A search of Dudley's shorts revealed a loaded firearm.

Dudley contends that, when the officers approached him, they had nothing more than an inchoate feeling that, because he had a criminal record, the object in his pants must have been a gun. Further, he argues that he had rational bases for fleeing, namely, fear and prior bad experiences with law enforcement.

Like the district court, we conclude that the officers had a reasonable suspicion that Dudley was unlawfully possessing a firearm. First, "[i]t is well established that a bulge consistent with the shape of a firearm, and located somewhere a firearm would likely be found, supports reasonable suspicion." *United States v. Hagood*, 78 F.4th 570, 577 (2d Cir. 2023); *see United States v. Black*, 525 F.3d 359, 364-65 (4th Cir. 2008) (finding that officer's observation of bulge in defendant's pocket supported reasonable suspicion for *Terry* stop). Second, since the officers knew that Dudley was a convicted felon, they likewise knew that he could not lawfully possess a firearm. *See* 18 U.S.C. § 922(g)(1). Third, Dudley's decision to flee upon being asked about the contents of his pocket made the L-shaped bulge all the more suspicious. *See United States v. Frazer*, 98 F.4th 102, 111 (4th Cir. 2024) ("[A] person's headlong and unprovoked flight upon seeing a police officer

3

goes a long way toward establishing reasonable suspicion that the fleeing person was involved in criminal activity." (internal quotation marks omitted)).  Finally, although Dudley's flight might have been motivated by a legitimate fear of the officers, a *Terry* stop is not unlawful merely because the conduct preceding the stop was "susceptible of an innocent explanation." *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4